■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MARTINEZ WILLIAMS, Appellant.—Appeal from judgment, Supreme Court, New York County, rendered January 12, 1977, convicting defendant upon his plea of guilty to manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of from 6 to 12 years, and counsel's motion to withdraw as attorney for defendant, held in abeyance. Counsel for defendant is directed, within five days after the date of entry of the order of this court, to transmit to defendant instructions in Spanish advising him that defendant is afforded an opportunity, within 20 days after receipt by defendant of counsel's letter transmitting the instructions, to serve the District Attorney of the County of New York and file with this court such material as defendant may deem appropriate to enable this court to determine the merits of his appeal. The District Attorney is granted leave to respond, if so advised, to defendant's material, if any, within 20 days following the receipt thereof by the District Attorney. Concur—Murphy, P. J., Lupiano, Birns, Silverman and Sullivan, JJ.

■ HARRY M. STEVENS, INC., Appellant, v RAYMOND MEDINA, Respondent.—Order, Supreme Court, New York County, entered February 22, 1978, denying plaintiff's motion for summary judgment and staying the prosecution of the instant action for three months from February 21, 1978, unanimously modified, on the law, without costs or disbursements, to the extent of granting summary judgment to defendant dismissing the complaint, and, except, as thus modified, affirmed. Defendant in this action commenced suit against plaintiff in Puerto Rico to recover damages for breach of an employment contract. That case is in a relatively advanced stage with issue joined and pretrial discovery proceedings almost completed. Citing section 5-701 (subd a, par 1) of the General Obligations Law, plaintiff, the defendant in that action, thereafter commenced this proceeding seeking a judgment declaring that the oral employment contract, as alleged by the plaintiff in the action in Puerto Rico, is unenforceable inasmuch as it was for a term in excess of one year. The complaint should be dismissed. (CPLR 3211, subd [a], par 4.) Where there is no necessity for resorting to the declaratory judgment it should not be employed. *(James v Alderton Dock Yards,* 256 NY 298, 305.) Another action is pending involving the same parties and issues in which plaintiff will have a resolution of the question which he presents here. Concur—Murphy,. P. J., Lupiano, Birns, Silverman and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH STROLLER, Appellant.—On remittitur from the Court of Appeals, judgment of the Supreme Court, New York County, rendered on December 8, 1975, unanimously affirmed, and the case remitted to the Criminal Term, Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd [5]). No opinion. Concur—Murphy, P. J., Birns, Markewich, Sandler and Sullivan, JJ.